# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**ROBERT HARPER,**

    Petitioner,

v.                                                            Case No: 5:24-cv-109-WFJ-PRL

**WARDEN, FCC COLEMAN II,**

    Respondent.
_____

## ORDER

Petitioner, proceeding pro se, initiated this case by filing a Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).

## I.   BACKGROUND

In 1993, while serving a sentence imposed by the Superior Court of Washington, D.C., Petitioner robbed a teacher at the facility where he was housed as a District of Columbia, Department of Corrections ("DCDC") inmate. (Doc. 1 at 10, 13). The DCDC revoked 960 days of good-time credits. *Id*. at 14. Petitioner was also charged and convicted in the District Court for the Eastern District of Virginia of assault with the intent to commit a felony, in violation of 18 U.S.C. § 113(b), in Criminal Case No. 1:94-cr-45-CMH.[1] He was sentenced to 96 months in prison, to be served consecutively to any other sentence. (Va. Criminal Case Doc. 12).

---

[1] *United States v. Harper*, Case No. 1:94-cr-45-CMH (E.D. Va.) will be referred to as "Va. Criminal Case."

In 1999, Petitioner was indicted, in Case No. 2:99-cr-960-JAT (D. Ariz.)[2] and charged with mailing a threatening communication, in violation of 18 U.S.C. § 876. Petitioner was convicted as charged and sentenced to 37 months in prison. (Ariz. Criminal Case Doc. 18). In May 2001, the DCDC turned their inmates, including Petitioner, over to the Federal Bureau of Prisons ("FBOP") for the management of their sentences. (Doc. 8-1 at 9); *see also* D.C. Code § 24-101. In 2021, the United States Parole Commission granted parole to Petitioner on his D.C. sentence. (Doc. 8-1 at 11–12).

Petitioner has previously filed section 2241 petitions claiming entitlement to good-time credits. *See Harper v. Fed. Bureau of Prisons*, Case No. 4:12-cv-685-CKJ-LAB (D. Ariz.); *Harper v. Winn*, 4:15-cv-65-LAB (D. Ariz.). On February 22, 2024, Petitioner filed his instant section 2241 petition, asserting that his federal sentence and the revocation of good-time credits stemming from his robbery constitute a double jeopardy violation. (Doc. 1 at 2, 9). He seeks restoration of 960 days of good-time credits or modification of his "consecutive 96 month term to concurrent with 35 years to life imposed in 1985." *Id*. at 8.

## II. ANALYSIS

Successive habeas petitions are governed by 28 U.S.C. § 2244(a), which reads as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person

---

[2] *United States v. Harper*, 2:99-cr-960-JAT (D. Ariz.) will be referred to as "Ariz. Criminal Case."

2

> pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

The Supreme Court has developed principles limiting the review of second or subsequent habeas petitions. *Stanko v. Davis*, 617 F. 3d 1262, 1269 (10th Cir. 2010) (citing *McCleskey v. Zant*, 499 U.S. 467, 479–488 (1991) (discussing development of principles). A federal court may "decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determine[s] that hearing the claim would serve the interests of justice." *Stanko*, 617 F. 3d at 1269 (citing *McCleskey*, 499 U.S. at 480–82). The Court did not adopt a strict principle of *res judicata*, but noted that a prior adjudication bears "vital relevance to the exercise of the court's discretion in determining whether to consider" a second petition. *McCleskey*, 499 U.S. at 482.

  The abuse-of-the-writ doctrine, the pre-AEDPA[3] legal doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus," *McCleskey v. Zant*, 499 U.S. 467, 470 (1991). Under the abuse-of-the-writ doctrine, "to determine whether an application is 'second or successive,' a court must look to the substance of the claim the application raises and decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application." *Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (Kennedy, J., dissenting) (citing *Panetti v. Quarterman*, 551 U.S. 930,

---

[3] The Antiterrorism and Effective Death Penalty Act.

947 (2007)). "[I]f the petitioner had no fair opportunity to raise the claim in the prior application, a subsequent application raising that claim is not 'second or successive,' and [AEDPA's] bar does not apply." *Id.* at 346 (Kennedy, J., dissenting) (citing *Panetti*, 551 U.S. at 947). Thus, a court may decline to hear a successive habeas petition raising a claim that could have been presented in an earlier petition but was not. *See Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990).

### A. Double Jeopardy Claim is an Abuse of the Writ

Petitioner claims that the revocation of 960 days of earned good time credit and his subsequent conviction and 96-month sentence constituted a violation of double jeopardy because they were punishment for the same act – the 1993 robbery of the teacher. (Doc. 1 at 10–11). On October 20, 1993, the DCDC forfeited time credits. In June 1994, he was convicted in the Va. Criminal Case and sentenced to serve 96 months in prison.

Both of Petitioner's previously filed habeas petitions were filed years after both punishments were issued. In 2012, he filed a § 2241 petition raising claims relating to the application of good-time credits to his Washington, D.C. sentence. *See Harper v. Fed. Bureau of Prisons*, No. 4:12-cv-685-CKJ-LAB (D. Ariz. Nov. 15, 2012), Doc. 4. In that case, Petitioner referenced the loss of "960 credits back in 1993." *See* Doc. 4 at 15, Case No. 4:12-cv-685. That case was ultimately dismissed after Petitioner was given two chances to name the proper respondent–the warden at the penitentiary where he was confined–but he failed to do so. *See* Doc. 8, Case No. 4:12-cv-685. In 2015,

4

Petitioner filed his second § 2241 petition. *See Harper v. Winn*, 4:15-cv-65-LAB (D. Ariz). In that petition, he sought "Good Time Credits in the amount of 1,955 days" and his parole eligibility date to be adjusted. *See* Doc. 1 at 5, Case 4:12-cv-65. As part of his petition, he attached a copy of the same "face sheet", *see* Doc. 1-2 at 7, Case 4:15-cv-65, that he relies on in his instant petition, *see* Doc. 1 at 14. The 2015 petition was denied as moot with the Court finding that Petitioner was already eligible for parole. *See* Doc. 24, Case 4:15-cv-65.

Here, Petitioner was aware of his alleged double jeopardy violation back when he filed his previous § 2241 petitions. *See Glomb*, 891 F.2d at 873. This "new" claim was available to Petitioner but not raised in either previous petition. Thus, this petition is barred as an abuse of the writ.

It is therefore, **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.** The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on May 7, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Petitioner